IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 26-cr-172-CNS

UNITED STATES OF AMERICA,

Plaintiff,

v.

FELIX ADALID MORENO-HERNANDEZ,

Defendant.

---

# PLEA AGREEMENT

---

The United States of America (the government), by and through Brian Dunn, Assistant United States Attorney for the District of Colorado, and the defendant, Felix Adalid Moreno-Hernandez, personally and by counsel, Kristin Whitaker, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I. AGREEMENT

### A. Defendant's Plea of Guilty:

The defendant agrees to:

(1) plead guilty to a lesser included charge of Count 1 of the Indictment, simple assault in violation of Title 18, United States Code, Section 111(a)(1); and

(2) waive certain appellate and collateral attack rights, as explained in detail below.



Court Exhibit

1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees to recommend a sentence of credit for time served at sentencing. The government also does not oppose immediate sentencing and waiver of the presentence report. The parties understand that this agreement is not binding on the Court. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate the count dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

**Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 111(a)(1) for simple assault;

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of **9**; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The United States agrees not to argue a procedural bar to a prosecutorial misconduct claim raised in a § 2255 petition based on the failure of the defendant to raise that issue on direct appeal.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon

a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of simple assault on a federal officers, violations of 18 U.S.C. § 111(a)(1), which is a lesser included count of the count charged in Count 1 of the Indictment, are as follows:

1. The defendant forcibly assaulted, resisted, opposed, impeded, or interfered with a federal law enforcement officer;
2. The person assaulted, resisted, opposed, impeded, or interfered with was a federal officer who was then engaged in the performance of their official duty;
3. The defendant acted intentionally; and
4. The defendant committed a simple assault when coupled with an apparent ability to do so.[1]

[1] 10th Circuit Pattern Jury Instructions 2.09 Assaulting a Federal Officer.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for the lesser included charge of Count 1 of the Indictment, Simple Assault, is: not more than 1 year imprisonment; maximum term of supervised release of one year; a maximum fine $100,000; and a $25 special assessment.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline

computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial. On July 8, 2026, Deportation Officers with Immigration and Customs Enforcement (ICE) encountered the defendant in Larkspur , Colorado. The defendant was wanted for immigrations violations pursuant to an I-200 warrant for arrest. Upon contacting the defendant, agents placed him in handcuffs and placed him inside a law enforcement vehicle. Agents were wearing law enforcement vests, labeled ERO/ICE, demonstrating to the defendant that they were law enforcement engaged in the performance of their official duties, those being the enforcement of federal immigration law. After the defendant was handcuffed and placed in the vehicle, the defendant intentionally spit on the officers.[2]

All of the aforementioned conduct took place in the state and District of Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

---

[2] The Defendant disputes that he intentionally spit on the officers. He does not dispute that he forcibly resisted arrest.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 9/3/26

Felix Moreno
FELIX ADALID MORENO-HERNANDEZ
Defendant

Date: 9/3/26

Kristin Whitaker
Attorney for Defendant

Date: 9/3/26

Brian Dunn
Assistant U.S. Attorney